UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOMER JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | JURY DEMANDED |
| CITY OF INDIANAPOLIS, ) | |
| INDIANAPOLIS METROPOLITAN ) | |
| POLICE DEPARTMENT, ) | |
| UNKNOWN OFFICERS 1-5, ) | |
| RANDAL TAYLOR, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

Comes now Homer Johnson, by counsel, and makes his Complaint.

### I.     PARTIES

1. Plaintiff Homer Johnson is a natural person, a resident of Marion County, Indiana, and a citizen of the United States. He is African-American. He may be served through his attorneys whose contact information appears below.

2. Defendant City of Indianapolis (the "City") is responsible for the conduct of the Indianapolis Metropolitan Police Department ("IMPD"), which is a police force located in Marion County, Indiana.

3. Defendants Unknown Officers 1-5 is a placeholder for as-yet unidentified IMPD officers who participated in the unlawful seizure and assault of Mr. Johnson. Once these officers identities are known, Mr. Johnson will seek leave of the Court to amend the caption to reflect their names. These defendants are being sued in their individual and official capacities.

4. Defendant Randal Taylor is the present Chief of Police for the IMPD. He is being sued in his official capacity.

5. All defendants may be served at the City County Building, 200 East Washington Street, Room 1601, Indianapolis, Indiana 46204.

## II. JURISDICTION AND VENUE

6. Mr. Johnson is seeking relief for the violation of the rights guaranteed to him by the U.S. Constitution and is bringing his claims pursuant to 42 U.S.C. § 1983, therefore federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## III. FACTS

8. On or around August 9, 2019, Homer Johnson went on a family picnic, and arrived home late – around 10 p.m.

9. Not wanting to wake his wife, Mr. Johnson went to sleep in his own garage, where there was a couch and a TV.

10. Around 11 p.m., Mrs. Johnson heard a noise from the other side of her house and called the police, saying someone might be trying to break into her basement.

11. Shortly thereafter, Mr. Johnson awoke in the dark to at least three IMPD officers on top of him – two white males and one white female (Defendants Unknown Officers 1-5).

12. Mr. Johnson had been asleep and thought he was getting robbed.

13. Unknown Officers never announced themselves.

14. Unknown Officers threw Mr. Johnson off the couch.

15. Unknown Officers roughed Mr. Johnson up.

16. Unknown Officers held Mr. Johnson down for a long time with pressure on his neck and legs.

17. Only then did Unknown Officers place Mr. Johnson in handcuffs.

18. Mr. Johnson had no weapons.

19. Mr. Johnson never resisted.

20. Mr. Johnson was released from the handcuffs after he was able to produce ID and his wife vouched for him.

21. No charges were filed against Mr. Johnson.

22. Mr. Johnson's garage was ruined by the police violence.

23. Unknown Officers did not call for an ambulance.

24. After Unknown Officers left, Mr. Johnson's family called an ambulance.

25. Mr. Johnson had suffered multiple injuries, including a concussion, a bloody nose, an eye injury, and a right arm injury.

26. Some of Mr. Johnson's injuries are permanent.

27. Mr. Johnson cannot work like he used to and has suffered a loss of income and income-earning capacity.

28. Mr. Johnson was severely traumatized and suffers from PTSD.

29. Mr. Johnson has nightmares and cannot get over the attack.

30. Not that it should matter, but Mr. Johnson was not intoxicated, he has no criminal history, and there were no prior police runs to his house.

31. The IMPD conducted an internal investigation of this matter and will know the identities of Unknown Officers 1-3 (Case Numbers IP-1908090002859 and IP-190087550).

## IV. CAUSES OF ACTION

**Count 1: Unconstitutional Use of Excessive Force (42 U.S.C. § 1983)**
**(*versus Unknown Officers 1-5*)**

32. The foregoing paragraphs are incorporated by reference as though fully restated herein.

33. Unknown Officers 1-5 violated Mr. Johnson's right to be free from unreasonable seizure of his person when they unjustifiably assaulted him.

34. Unknown Officers 1-5 violated Mr. Johnson's right to equal protection when they unjustifiable assaulted him.

35. Unknown Officers 1-5's actions were objectively unreasonable and violated Mr. Johnson's right to the integrity of his person. The Fourth and Fourteenth Amendments fully protect these rights.

36. Mr. Johnson was severely damaged by Unknown Officers 1-5's assault.

**Count 2: Violation of Indiana Constitution**
**(*versus All Defendants*)**

37. The foregoing paragraphs are incorporated by reference as though fully restated herein.

38. When Unknown Officers 1-5 attacked and assaulted Mr. Johnson while he slept on the couch in his own garage, they deprived Mr. Johnson of his right to be free from unreasonable seizures, as guaranteed to him under Article 1, Section 11 of the Indiana Constitution.

39. Defendants City of Indianapolis, IMPD, and Randal Taylor were responsible for the actions of their individual officers.

40. Mr. Johnson seeks only equitable relief under this Count.

**Count 3: *Monell* Violations of the U.S. Constitution (42 U.S.C. § 1983)**
**(*versus City of Indianapolis, IMPD, and Randal Taylor*)**

41. The foregoing paragraphs are incorporated by reference as though fully restated herein.

42. African-Americans are disproportionately subject to police brutality and excessive force.

43. Defendants City of Indianapolis, IMPD, and Randal Taylor lacked adequate policies and procedures to protect innocent people from excessive and unwarranted force by individual officers.

44. Defendants City of Indianapolis, IMPD, and Randal Taylor maintained a custom or practice of allowing their officers to be under-trained and under-prepared.

45. Defendants City of Indianapolis, IMPD, and Randal Taylor maintain customs or practices that support, or lack necessary policies or practices to counteract, racial profiling and discrimination.

46. Defendants City of Indianapolis, IMPD, and Randal Taylor's policies, practices, and customs (and/or lack thereof) violated Mr. Johnson's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

47. Mr. Johnson was severely damaged by these defendants' policies, practices, and customs, and/or lack thereof.

## V. PRAYER FOR RELIEF

WHEREFORE Mr. Johnson prays that the Court enter judgment in his favor and against Defendants, for a declaration that his rights under the Indiana Constitution were violated, for damages in an amount to be determined at trial, for attorneys' fees pursuant to 42 U.S.C. § 1988, and for all other relief just and proper in the premises.

## VI. JURY DEMAND

Mr. Johnson demands a jury on all issues so triable.

>Respectfully submitted,
>
>s/ *Jessica Wegg*
>Jessica Wegg, No. 28693-49
>Jonathan Little, No. 27421-49
>SAEED & LITTLE, LLP
>#189 – 133 West Market Street
>Indianapolis, IN 46204
>(317) 721-9214
>jessica@sllawfirm.com
>jon@sllawfirm.com